**\*NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |  |
|---|---|---|---|
| RICHARD KAPLAN, | : | | |
| | : | Civil Nos. | 13-2554 (NLH), |
| Petitioner, | : | | 13-5295 (NLH), |
| | : | | 14-1007 (NLH), |
| v. | : | | 14-1740 (NLH), |
| | : | | |
| UNITED STATES OF AMERICA, | : | Crim. Nos. | 07-329  (NLH), |
| | : | | 08-581  (NLH) |
| Respondent. | : | **OPINION** | |
| | : | | |

APPEARANCES:
Richard Kaplan, # 28621-050
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963
     Petitioner, Pro se


HILLMAN, District Judge

    Presently before the Court are the motions of Petitioner
Richard Kaplan requesting that this Court provide him an
evidentiary hearing on his previously denied motion to reopen
his habeas and civil rights cases which Petitioner filed in both
of his criminal cases as well as in one of his civil actions
brought pursuant to 42 U.S.C. § 1983 and in three of his habeas
corpus dockets.  (Docket No. 07-329 at ECF No. 63; Docket No.
08-581 at ECF No. 86; Docket No. 14-1740 at ECF Nos. 24-25;
Docket No. 13-2554 at ECF Nos. 33-34; Docket no. 13-5295 at ECF
Nos. 34-35; Docket No. 14-1007 at ECF Nos. 23-24).  This court

construes these motions as motions for reconsideration of this Court's order denying Petitioner's previous motion pursuant to Rule 60(b) for relief from this Court's dismissal of Petitioner's various matters.  (*See* Docket Nos. 13-2554 at 26-27; Docket Nos. 14-1007 at 16-17; Docket Nos. 13-5295 at 27-28). For the following reasons, this Court denies Petitioner's motions.

## I.   BACKGROUND

Petitioner in his current motion seeks reconsideration of this Court's order denying his motion to reopen his previous habeas and civil rights cases, which this Court construed as a motion for relief from judgement under Federal Rule of Civil Procedure 60(b).  In this Court's most recent opinion denying several of Petitioner's motion, this Court summarized the background of this motion as follows:

> In October 2015, following a filing in an unrelated case, Petitioner filed a motion "directing all courts to reverse [their] erroneous decisions" as to Petitioner's various cases, a motion which this Court construed as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  Id. at 1-2.   Petitioner essentially argued that he should be relieved from this Court's dismissal of three of his prior habeas matters on time-bar grounds because he had "newly" discovered that a witness in one of his criminal convictions was allegedly a government agent and not an

informant as previously stated. Id. at 2-3. Petitioner's assertions and allegations, however, were based upon a misreading of an order filed by Magistrate Judge Clark in another of Petitioner's civil cases, Kaplan v. Garafalo, Docket No. 15-1150. Id. Because Petitioner's Rule 60(b) motion was based on a false premise arising out of that misreading, and because Petitioner had in any event failed to show that he was entitled to relief under the rule, this Court denied Petitioner's Rule 60(b) motion, as well as several related motions. Id. at 3-4.

After this Court had reached a decision on Petitioner's Rule 60(b) motion, but before the opinion and order denying the 60(b) motion and several related motions was filed, Petitioner filed the instant motion on November 30, 2015. In [that] motion, Petitioner request[ed] that this Court appoint him counsel, hold an evidentiary hearing, and order that Petitioner be transported to that hearing so that Petitioner [could] show that he [was] entitled to relief on his [previously]-denied 60(b) motion.

Kaplan v. United States, Civil Nos. 13-2554, 13-5295, 14-1007, 14-1740, and Crim. Nos. 07-329, 08-581, 2016 WL 155034, at *1 (D.N.J. Jan. 12, 2016). This Court denied Petitioner's November 30, 2015, motions on January 12, 2016. Id. Petitioner now seeks reconsideration of this Court's prior orders on his 60(b) and related motions, arguing that this Court was mistaken in its decisions denying those motions.

## II.  DISCUSSION

Petitioner now seeks to have this Court reconsider its

orders denying his numerous motions related to his Rule 60(b)
motion to reopen his various closed cases.  Motions for
reconsideration are governed by Local Rule of Civil Procedure
7.1(i).  "A judgment may be altered or amended under Rule 7.1(i)
if the movant shows at least one of the following grounds:  '(1)
an intervening change in the controlling law; (2) the
availability of new evidence that was not available when the
court [issued its order]; or (3) the need to correct a clear
error of law or fact to prevent manifest injustice.'"  Delanoy
v. Twp. Of Ocean, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J.
May 12, 2015) (quoting Max's Seafood Café v. Quinteros, 176 F.3d
669, 677 (3d Cir. 1999)).  Reconsideration motions should be
granted sparingly and only when the petitioner has met the high
standard required to merit such relief.  Id.  Reconsideration
motions may not be used to raise arguments or evidence that
could previously have been raised prior to the entry of judgment
but were not, nor may they be used to relitigate old matters.
Id.  Generally, courts should only grant such motions where the
Court's prior decision "overlooked a factual or legal issue that
may alter the disposition of the matter."  Id.

      In his current reconsideration motion, Petitioner again
repeats the same allegations which this Court has previously

held insufficient to warrant the reopening of his dismissed cases, most of which center on Petitioner's misreading and misunderstanding of a magistrate judge's order filed in an unrelated § 1983 matter.  As these arguments were previously raised and rejected as without factual support or merit, Petitioner essentially seeks to relitigate the same factual allegations which this Court has previously rejected, and as such Petitioner has presented no legitimate basis for reconsideration of this Court's prior orders.  Id.

The only arguably new information or argument Petitioner presents in his current motion is his assertion that his original motions, which did not provide any information as to the legal basis on which Petitioner requested that this cases be reopened, were not based on Rule 60(b) but rather were intended to be raised under the All Writs Act, 28 U.S.C. § 1651.  (See Docket No. 14-1007 at ECF No. 23 at 22).  The All Writs Act, however, is not a talismanic defense against any and all adverse rulings.  See, e.g., United States v. Ramsey, --- F. App'x ---, ---, 2016 WL 335848, at *1 (3d Cir. Jan. 28, 2016) ("where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling"); see also Massey v. United States, 581 F.3d 172,

174 (3d Cir. 2009).  The All Writs Act is instead "a residual source of authority to issue writs that are not otherwise covered by a statute."  <u>Massey</u>, 581 F.3d at 174 (quoting <u>Pennsylvania Bureau of Corr. V. U.S. Marshals Serv.</u>, 474 U.S. 34, 43 (1985)).

To the extent that Petitioner's original actions challenged his various convictions and sentences, those actions are controlled by 28 U.S.C. § 2255, and are therefore not properly brought under the All Writs Act.  <u>Id.</u>  Likewise, to the extent that Petitioner sought damages for alleged violations of his constitutional rights, such claims are governed by 42 U.S.C. § 1983 and are likewise outside of the scope of the All Writs Act. <u>Ramsey</u>, --- F. App'x at ---, 2016 WL 335848 at *1.  Thus, all of Petitioner's claims are governed by statutory provisions other than the All Writs Act, and are not subject to revival under the All Writs Act where they have already been dismissed under the proper statutory authority.  As Petitioner's original motions sought to reopen his previously denied and dismissed habeas and civil cases, what Petitioner sought was relief from judgment, the proper vehicle for which is Rule 60(b).  See <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528 (2005) ("Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his

case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence"). As such, it is clear that this Court acted appropriately and correctly applied the law in construing Petitioner's earlier motion as a motion for relief from judgment under Rule 60(b), and Petitioner's All Writs Act argument provides no basis for reconsideration of this Court's prior orders. <u>Delanoy</u>, 2015 WL 2235103 at *2. As Petitioner's reconsideration motions are without merit, this Court will deny them.

**III.   CONCLUSION**

For the reasons stated above, Petitioner's reconsideration motions (Docket No. 07-329 at ECF No. 63; Docket No. 08-581 at ECF No. 86; Docket No. 14-1740 at ECF Nos. 24-25; Docket No. 13-2554 at ECF Nos. 33-34; Docket no. 13-5295 at ECF Nos. 34-35; Docket No. 14-1007 at ECF Nos. 23-24) are DENIED. An appropriate order follows.


_s/ Noel L. Hillman__

March 2, 2016                    Hon. Noel L. Hillman,
At Camden, New Jersey           United States District Judge